**Price Law Group, APC**
5940 S. Rainbow Blvd., Suite 3014
Las Vegas Nevada, 89118
Phone: 702-794-2008
alpert@pricelawgroup.com

Steven A. Alpert, NV Bar #8353
*Attorneys for Plaintiff Robert Tucker*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS DIVISION

| | |
|---|---|
| ROBERT TUCKER,<br><br>      Plaintiff,<br><br>v.<br><br>DOES 1-5,<br><br>      Defendant. | **Case No.: 2:20-cv-1146**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227** *et. seq.*<br>2. **FDCPA 15 U.S.C. § 1692** *et. seq.*<br>3. **Intrusion Upon Seclusion**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT FOR DAMAGES

Plaintiff, Robert Tucker ("Plaintiff"), through his attorneys, alleges the following against Does 1-5, ("Defendants"):

## INTRODUCTION

1.  Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal

Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692. The FDCPA is a federal statute that broadly prohibits persons from engaging in abusive and/or deceptive debt collection practices.

3.      Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

**JURISDICTION AND VENUE**

4.      Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6.      Defendants transact business here; personal jurisdiction is established.

**PARTIES**

7.      Plaintiff is a natural person residing in the County of Leavenworth, Kansas.

8.      Upon information and belief, Defendants are vendors who place calls for Credit One Bank posing as if they are actually Credit One Bank agents.

9.      Upon information and belief, Defendants are call center collectors who act

independently from Credit One Bank using their own agents and equipment to contact Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Defendants are attempting to collect an alleged debt from Plaintiff related to his Credit One Bank account. ("Account")

12.     Upon information and belief, Defendants have a vendor agreement with non-party Credit One to attempt to collect the alleged debt.

13.     In or around October of 2019, Defendant began placing calls to Plaintiff's cellular phone, ending in 4991, in an attempt to collect an alleged debt.

14.     The calls placed by Defendant originated from the following numbers: 913-521-3450, 913-521-3501, 913-300-9934, 913-300-9964, 913-300-9884, 913-521-3551, 913-521-3495, 913-521-3546, 913-359-6257, 913-359-6287, 913-359-6227, 913-359-6253, 913-359-7534, 913-914-2132, 913-914-2277, 913-914-2331, 913-359-7539, 913-359-7578, 913-359-7570, 913-359-7608, 913-359-7547, and 913-359-7608.

15.     Upon information and belief, each time Defendants would call Plaintiff they falsely represented themselves as Credit One Bank.  For that reason, Plaintiff does not know the identity of the Defendants.  In addition, Plaintiff is unable to identify which

Defendant placed which phone calls.

16.     On or about October 15, 2019, at 1:54 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (913) 300-9896.

17.     Defendant informed Plaintiff that it was attempting to collect a debt relating to his Credit One account.

18.     Plaintiff unequivocally revoked consent to be called any further.  Plaintiff informed Defendant that he was unable to make a payment and requested that any further communication from Defendant to his cellular phone cease.

19.      Despite Plaintiff's request not to be contacted on his cellular phone any further, Defendant continued to contact Plaintiff with calls to his cellular telephone nearly every day.

20.     On or about October 16, 2019, at 11:08 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (913) 300-9946.

21.     Defendant informed Plaintiff that it was attempting to collect a debt relating to his Credit One account.

22.     Plaintiff unequivocally revoked consent to be called any further.  Plaintiff informed Defendant that he was unable to make a payment and requested that any

further communication from Defendant to his cellular phone cease.

23.    Despite Plaintiff's second request not to be contacted on his cellular phone any further, Defendant continued to contact Plaintiff with calls to his cellular telephone nearly every day.

24.    Between October 15, 2019 and January 11, 2020, Defendant called Plaintiff no less than **TWO HUNDRED (200)** times, with Defendant calling Plaintiff one (1) to seven (7) times a day and on some occasions up to eight (8) times in one day.

25.    Defendants' calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the Account. Furthermore, Defendants' tactic of switching amongst a myriad of phone numbers was done in order to trick Plaintiff into answering the calls.

26.    Defendants were aware that Plaintiff was dealing with financial issues, but willfully ignored his situation and his request for Defendants to stop its campaign of harassing phone calls.

27.    Upon information and belief, non-party Credit One does not place any outbound collection calls to its customers.

28.    Upon information and belief, all collection calls made to Plaintiff were made by Defendants.

29.    Upon information and belief, Defendants placed the collection calls on behalf of Credit One, posing to be Credit One and hiding their true identity.

30.    Defendants misrepresented and deceived Plaintiff as to their identity.

31.     Defendants placed telephone calls to Plaintiff without a meaningful disclosure as to their identity.

32.     Upon information and belief, Defendants intentionally and knowingly refrain from disclosing their true identity so as to try and avoid the requirements of the FDCPA.

33.     Upon information and belief, Defendants are separate and distinct entities from Credit One.

34.     Upon information and belief, Defendants are in the business of collecting debts owed or due or asserted to be owed or due another.

35.     Defendants' conduct was done willfully and knowingly.

36.     Upon information and belief, Defendants were calling third parties, including friends and family, in an effort to coerce Plaintiff to make a payment on the Account.

37.     Defendants' barrage of calls to Plaintiff's cellphone caused constant disruption and distraction to his daily life, as well as embarrassment and humiliation because his phone would ring constantly while he was with family and friends.

38.     As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
**All Defendants**
**Violations of the TCPA, 47 U.S.C. § 227**

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a.     Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b.     Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

41.     As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**All Defendants**
**(FDCPA 15 U.S.C. § 1692 *et. seq.*)**

42.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.    The FDCPA prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

44.    The FDCPA also requires that in its initial communication with a consumer, a debt collector disclose that the "debt collector is attempting to collect a debt and that any information obtained will be used for that purpose …." 15 U.S.C.A. § 1692e(11). *See* Costa v. Nat'l Action Fin. Servs., 634 F. Supp. 2d 1069, 1075 (E.D. Cal. 2007) (citing Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005) finding "'meaningful disclosure' presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked.")

45.    Defendants violated 15 U.S.C. § 1692e(14) and 15 U.S.C. § 1692e(11) each time they contacted Plaintiff because they failed to truthfully and correctly identify themselves. The Defendants did not inform Plaintiff that they were collecting the alleged debt *on behalf* of Credit One Bank, they identified themselves *as* Credit One Bank.

46.    Additionally, the FDCPA prohibits a debt collector from "causing a telephone

to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C.A. § 1692d.

47.    The Defendants incessantly called Plaintiff despite the clear revocation of his consent.  The frequency of Defendants' phone calls is violative of the FDCPA on its own.

48.    Defendants' actions, as described above, were done willfully and intentionally.

49.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

**COUNT III**
**All Defendants**
**Invasion of Privacy**
**(Intrusion upon Seclusion)**

50.    Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

51.    Defendants violated Plaintiff's privacy. Defendants' violations include, but are not limited to, the following:

    a.    Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite requests for the calls to cease.

    b.    Defendants' conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

c.      Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

52.    As a result of Defendants' violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants for the following:

A.      Declaratory judgment that Defendants violated the TCPA and FDCPA;

B.      Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C.      Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D.      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E.      Actual and punitive damages for intruding upon Plaintiff's seclusion;

F.      Costs and reasonable attorneys' fees pursuant to 15 U.S.C. 1692k(3);

G.      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.      Any other relief that this Honorable Court deems appropriate.

//

//

//

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

**Price Law Group, APC**

Dated: June 22, 2020

By:*/s/Steven A. Alpert*
Steven A. Alpert, NV Bar #8353
5940 S. Rainbow Blvd., Suite 3014
Las Vegas Nevada, 89118
Phone: 702-794-2008
alpert@pricelawgroup.com
*Attorneys for Plaintiff*
*Patrick Merritt*