Michael Paretti
Nevada Bar No. 13926
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: mparetti@swlaw.com

Attorneys for Credit One Bank, N.A.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT TUCKER,<br><br>           Plaintiff,<br><br>vs.<br><br>CREDIT ONE BANK, N.A.; and DOES 1-5,<br><br>           Defendants. | CASE NO.: 2:20-cv-01146-GMN-NJK<br><br>**DEFENDANT CREDIT ONE BANK, N.A.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS** |

Defendant Credit One Bank, N.A. ("Credit One" or "the Bank"), by and through its counsel, the law firm of Snell & Wilmer, L.L.P., hereby moves this Court to stay discovery between Plaintiff Robert Tucker ("Plaintiff") and Credit One pursuant to Rule 26 of the Federal Rules of Civil Procedure, pending the disposition of Credit One's Motion to Compel Arbitration [ECF No. 10] and Credit One's Motion to Dismiss [ECF No. 11]. This motion is based upon the pleadings and papers on file herein, the points and authorities submitted herewith, and any oral argument that the Court may entertain at a hearing in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Credit One has filed a substantial Motion to Compel Arbitration and Dismiss this action based upon the parties' binding arbitration agreement. In response to Credit One's motions, Plaintiff conceded the arbitrability of his claims against Credit One. Plaintiff does not seek to avoid arbitrating with Credit One (a Nevada-based company), but nevertheless contends that he is

entitled to "limited discovery" from Credit One in this action. However, Plaintiff's position is both legally and factually unfounded.

Plaintiff cannot use the general jurisdiction of a Nevada company with which he has agreed to arbitrate disputes (in his hometown in Kansas) as an anchor to maintain a litigation in this Nevada federal court over Doe Defendants in order to conduct discovery to Credit One in a litigation venue. The binding arbitration agreement between Plaintiff and Credit One means that there is no subject matter jurisdiction here over claims against Credit One, and Nevada federal courts do not entertain litigation by out-of-state plaintiffs brought against Doe Defendants.

Arbitration should be compelled and Plaintiff's Complaint should be dismissed, another court within this district recently held in a similar case brought by Plaintiffs' counsel here. *See* ECF No. 11 *in Merritt v. Credit One Bank, N.A*., Case No. 2:20-cv-1335-JCM-VCF (D. Nev.) (Sept. 28, 2020) (J. Mahan), a true and correct copy of which is attached as **Exhibit A**. The *Merritt* Court found that the same arbitration clause was enforceable and broad enough to bar all of plaintiff's claims, that arbitration should occur near that out-of-state plaintiff's hometown (not in Nevada), and that any award may be confirmed by a court in that jurisdiction. *See id*. A similar order is likely to issue here, when the pending dispositive motions are ruled upon.

Because Credit One's motions to compel and dismiss are still pending, Credit One respectfully requests that this Court not allow Plaintiff to circumvent arbitration with Credit One and proceed with discovery while serious challenges to the basis of Plaintiff's entire action are pending.

While the standard to justify a stay is demanding, this case amply satisfies it. In deciding whether to stay discovery, the Court weighs the expense of discovery against "the underlying principle that a stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The Court also considers whether the pending motion is potentially dispositive of the entire case and whether that motion can be decided without additional discovery. *Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). Credit One's Motions warrant a stay under each consideration.

Credit One is confident that a "preliminary peek" at its Motions will convince this Court that Plaintiff's action will not survive, and that a stay is warranted, especially when Plaintiff does not dispute the arbitrability of her claims against Credit One and when another Court in this District has recently dismissed a near-identical complaint under Ninth Circuit precedent and the strictures of the Federal Arbitration Act ("FAA"). Indeed, as the *Merritt* Court explained, discovery is not proper in a litigation where a Motion to Compel Arbitration under the FAA has been brought, and the discovery does not pertain to the question of arbitrability:

> Plaintiff "does not fundamentally disagree" with defendants' arguments but argues that limited discovery is appropriate prior to arbitration. (ECF No. 8). Plaintiff cites law where prearbitration discovery goes directly to the issue of "whether the parties agreed to submit their claims to arbitration." *(Id.* (citing *Green Tree Fin. Corporation-Alabama v. Randolph,* 531 U.S. 79, 90 (2000)). **"[T]he Ninth Circuit has explained that the FAA provides for discovery in connection with a motion to compel arbitration only if 'the making of the arbitration agreement . . . be in issue.'"** *Newton v. Clearwire Corp.*, 2:11-CV-00783-WBS, 2011 WL 4458971, at *2 (E.D. Cal. Sept. 23, 2011) (quoting *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999)). Here, there is no dispute over the enforceability of the arbitration clause. Plaintiff instead asks for discovery so that he may discern the identities of the Doe defendants. (ECF No. 8). This court declines plaintiff's request.

Ex. A at 1 (emphasis added). Thus, and for the reasons detailed below, a stay of discovery pending adjudication of the Motions to Compel Arbitration and Dismiss is justified and warranted.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Based on the binding arbitration agreement between the parties, Credit One filed a Motion to Compel Arbitration [ECF No. 10] and Dismiss [ECF No. 11] on August 21, 2020. Plaintiff filed a Response to Credit One's Motions on September 4, 2020 [ECF No. 14]. In those Responses, Plaintiff conceded that his claims against Credit One are subject to arbitration and not properly before this Court. *See* Pl.'s Resp., ECF No. 14, at 3:5-6 ("Plaintiff tentatively concedes that a valid arbitration agreement exists between himself and Credit One."); *id.* at 4:3-4 ("Plaintiff by no stretch refuses to pursue his claims in arbitration where appropriate."); *id.* at 7:4-9 ("Defendant's argument essentially boils down into four lines of thinking: 1) that arbitration agreements are presumptively valid; 2) that the arbitration agreement in this case is

- 3 -

1  enforceable; 3) that nothing in the facts present here invalidates the arbitration agreement; and 4)
2  that the Court should dismiss the action for lack of subject matter jurisdiction. At a broad level,
3  ***Plaintiff does not fundamentally disagree with these points as they relate to Credit One***.")
4  (emphasis added); *id.* at 8:7-8 ("Plaintiff does not dispute that an arbitration agreement exists as
5  between him and Credit One…"); *id.* at 11:4-6 ("Plaintiff does not seek to deny that there is
6  certain merit to Credit One's argument that the claims against them [sic] in particular are
7  appropriate for arbitration rather than be heard in Federal Court."). Credit One then filed its
8  Reply in support of its Motions [ECF No. 15] on September 11, 2020. As such, the motions to
9  compel arbitration and dismiss are fully briefed and pending resolution before the district court.

10  At Plaintiff's request, the parties conducted a discovery conference pursuant to Fed. R.
11  Civ. P. 26(f) and LR 26-1(f) on September 17, 2020. During that conference, counsel for the
12  parties discussed the instant motion and why Credit One believed a stay was both economical
13  and warranted. Unfortunately, the parties could not reach a resolution without Court
14  intervention. Namely, Plaintiff asks the court to ignore his binding arbitration agreement with
15  Credit One so that he may proceed with limited discovery against Credit One in a litigation he
16  wants to continue to pursue in this Court against Doe Defendants (Credit One's third-party
17  vendors), even though (as Credit One has raised with Plaintiff) another Court in this District has
18  recently dismissed a near-identical complaint and compelled arbitration for the exact same
19  reasons put forth by Credit One in its dispositive motions here. *See* Ex. A.

### III.  LEGAL ARGUMENT

**A.    Legal Standard for Stays of Discovery.**

A federal court has the inherent power to stay proceedings in its own court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Further, district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

"In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of [Fed. R. Civ. P.] 1 . . . , which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602-03. In so ruling, the District of

- 4 -

1  Nevada Court further recognized that "[d]iscovery is expensive." *Id.* Thus, with Rule 1 as its
2  "prime directive, this court must decide whether it is more just to speed the parties along in
3  discovery . . . while a dispositive motion is pending, or whether it is more just to delay or limit
4  discovery . . . to accomplish the inexpensive determination of the case." *Id.*

5  Stated differently, the trial court "must balance the harm produced by a delay in discovery
6  against the possibility that a dispositive motion will be granted and entirely eliminate the need for
7  such discovery." *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*,
8  201 F.R.D. 1, 3-4 (D.D.C. 2001); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689,
9  692 (M.D. Fla. 2003) *aff'd*, 87 F. App'x 713 (11th Cir. 2003); *Ass'n Fe Y Allegria v. Republic of
10 Ecuador*, 1999 WL 147716 (S.D. N.Y. Mar. 16, 1999); *Feldman v. Flood*, 176 F.R.D. 651, 652
11 (M.D. Fla. 1997). The Court weighs the expense of discovery against "the underlying principle
12 that a stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be
13 unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603. A magistrate judge may take a
14 "preliminary peek" at the pending dispositive motion, without prejudging its outcome, to evaluate
15 the propriety of an order staying . . . discovery with the goal of accomplishing the objectives of
16 [Fed. R. Civ. P.] 1." *Id.*

17 A cursory "peek" at Credit One's Motion to Compel Arbitration and Dismiss shows that
18 Plaintiff cannot maintain his action, especially where Plaintiff conceded the arbitrability of his
19 claims against Credit One in Response to Credit One's Motions. Justice strongly favors
20 postponing discovery while the dispositive motions are pending, in light of the substantial legal
21 challenges to Plaintiff's Complaint and the likelihood of success already recognized by the
22 *Merritt* Court. *See* Ex. A.

23 **B.  The Arguments in Credit One's Motions to Compel Arbitration and Dismiss, As
24      Well As The Federal Arbitration Act, Independently Justify a Stay of Discovery.**

25 Plaintiff concedes his claims against Credit One are subject to binding arbitration. Thus, a
26 ruling in Credit One's favor on the question of arbitration (which Plaintiff does not and cannot
27 reasonably dispute) would leave no remaining claims against Credit One, making the Motion to
28 Compel and Dismiss dispositive of all claims asserted against Credit One. *See* Ex. A.

- 5 -

As established in the FAA, and as Nevada courts have previously explained, when the parties' claims are subject to arbitration, the court lacks jurisdiction over the dispute. *See* Ex. A; s*ee also Daley v. CVS Pharm., Inc.*, 2:16-cv-2693-JCM-CWH, 2017 WL 5196699, at *2 (D. Nev. Nov. 9, 2017), *aff'd*, 727 Fed. Appx. 377 (9th Cir. 2018) (unpublished) ("Because an arbitration agreement exists that vests the power to rule on the question of arbitrability in an arbitrator, the court lacks jurisdiction to consider the question and will compel arbitration."); *see also Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1276–77 (9th Cir. 2006) ("[I]f the district court decides that the arbitration agreement is valid and enforceable, then it should stay or dismiss the action pending arbitration proceedings to allow the arbitrator to decide the remaining claims."); *BAC Home Loans Servicing, LP v. Stonefield II Homeowners Ass'n*, No. 2:11-cv-167-JCM-RJJ, 2011 WL 2976814, at *3 (D. Nev. July 21, 2011) (dismissing action when claim was required to be submitted to arbitration or mediation first); *JusTours, Inc. v. Bogenius Grp.*, LLC, No. 2:17-cv-0078-GMN-CWH, 2017 WL 3671285, at *4 (D. Nev. Aug. 25, 2017) (dismissing action where plaintiffs must first comply with arbitration requirements).

Thus, all that remains is Plaintiff's unsupported position that the Court permit him to conduct limited discovery into Credit One's records relating to his account (despite his concession that his claims against Credit One are not properly before this Court). However, Plaintiff has not provided Credit One any authority to support such a conflicting position.

Plaintiff's claims against Credit One are undisputedly subject to arbitration in Plaintiff's hometown in Kansas. In that arbitration, should he wish, Plaintiff may propound discovery to identify any third-party vendors that contacted Plaintiff and, if he decides to pursue additional claims against any of those companies, he can bring claims against those third-parties either in arbitration (if he is bound to arbitrate with those companies), or in a court having general or specific jurisdiction over his dispute (if he is not bound to arbitration). Plaintiff has not provided any basis, nor can he, for maintaining an action in this district against Credit One or "Doe Defendants" when this court lacks jurisdiction over such claims. Credit One requires that discovery take place in the agreed-upon arbitration proceedings, and cannot allow the federal courts in its home district to be flooded with improper litigations brought by Plaintiff's attorneys

- 6 -

who want to use Credit One to anchor their out-of-state clients' claims within Nevada federal courts (likely because the Ninth Circuit has the country's broadest interpretation of what dialing equipment is restricted by the Telephone Consumer Protection Act).

With Plaintiff's claims against Credit One dismissed, Plaintiff's only remaining claims would be impermissibly pleaded against "Doe Defendants." A court in this district has already held that such claims are impermissible. *See* Ex. A; *see also* ECF No. 12 in *Merritt v. Credit One Bank, N.A.*, Case No. 2:20-cv-1335-JCM-VCF (D. Nev.) attached as **Exhibit B** at 1:16-2:9; *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969) ("There is no provision in the federal statutes or Federal Rules of Civil Procedure either authorizing or expressly prohibiting the use of fictitious parties."); *Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) ("[This case] was also properly dismissed as to the fictitious defendants. . . . If plaintiff later ascertains the names of additional persons he wishes to join as defendants, the Federal Rules of Civil Procedure provide a way of doing so.").

Accordingly, the district court should compel arbitration and dismiss this case in its entirety. In the interim, the court should not allow Plaintiff to proceed with discovery, especially considering he has conceded his claims are subject to arbitration (and thus this Court lacks jurisdiction to decide those claims).

**C.     Credit One's Pending Motions Are Potentially Dispositive of the Entire Case.**

In weighing the objectives of Rule 1 to determine whether a stay is appropriate, the Court considers whether the pending motion is potentially dispositive of the entire case, *Solida*, 288 F.R.D. at 506. Here, the Motion to Dismiss will likely dispose of the entire case, just as the Court found in *Merritt See* Ex. A. As detailed above, Plaintiff's claims against Credit One are subject to arbitration—as he concedes. In that arbitration, Plaintiff may propound discovery to identify any third-party vendors that contacted Plaintiff and, if he decides to pursue additional claims against any of those companies, he can bring claims against those third-parties either in arbitration (if he is bound to arbitrate with those companies), or in a court having general or specific jurisdiction over his dispute (if he is not bound to arbitration). Plaintiff's claims brought solely against "Doe Defendants" in this action cannot survive—in addition to the findings by the

1  *Merritt* Court (in the first incarnation of the *Merritt* suit) that actions brought solely against Doe
2  Defendants are improper and should be dismissed (*see* Ex. B), there is no indication that an out-
3  of-state plaintiff alleging statutory torts regarding calls placed to her outside of Nevada has
4  alleged claims against Does (not alleged to be Nevada residents) over which this Court has
5  personal jurisdiction.

6        Credit One's Motions dispose of the entire action against Credit One, and Plaintiff's
7  Does-only suit would be improper, and awaiting the ruling from this Court on the dispositive
8  motions thus weighs heavily in favor of a stay of discovery. *See Tradebay*, 278 F.R.D. at 608.

9  **D.    Credit One's Pending Motions Can Be Decided without Discovery.**

10       Credit One's Motions to Compel Arbitration and Dismiss can also be decided without
11 additional discovery, satisfying the final criterion under *Tradebay*. *Id.* Again, Plaintiff concedes
12 that his claims against Credit One are subject to arbitration and not properly before this Court.
13 The strength of Credit One's legal arguments is evident from the summary of the concessions and
14 failures of Plaintiff's Response to the Motions. Just as the *Merritt* Court held, no amount of
15 discovery will change the arbitrability of Plaintiff's claims against Credit One, the validity of
16 which Plaintiff has already acknowledged. *See* Ex. A. Because the Motions to Compel Arbitration
17 and Dismiss can and should be decided without discovery, this consideration favors a stay of
18 merits-based discovery (*Tradebay*, 278 F.R.D. at 608)—especially when such discovery would be
19 properly engaged in only in the arbitration proceedings to which Plaintiff agreed.  *See* Ex. A at 1.

20                             **IV.    CONCLUSION**

21       Based on the foregoing, a stay of discovery is appropriate while this Court considers
22 Credit One's Motions to Compel Arbitration and Dismiss. Credit One requests that the Court
23 issue such an order and stay discovery until the Court issues a final order on the pending Motions.
24 Moreover, given Plaintiff's unnecessary legal filings and gamesmanship that has required Credit
25 One to defend itself in federal litigation when Plaintiff **concedes** he must arbitrate disputes with
26 Credit One pursuant to the parties' FAA-governed arbitration provision, as well as Plaintiff's
27 ///
28 ///

refusal to dismiss this action in light of the *Merritt* Court's holding, Credit One should be awarded its attorneys' fees and costs associated with bringing this motion.

DATED: September 30, 2020

SNELL & WILMER L.L.P.

By: */s/ Michael Paretti*
Michael Paretti
Nevada Bar No. 13926
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, Nevada 89169

*Attorneys for Credit One Bank, N.A.*

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT CREDIT ONE BANK, N.A.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS** by the method indicated:

☒     **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

DATED this 30th day of September, 2020.

                                              */s/ Maricris Williams*
                                              An Employee of Snell & Wilmer L.L.P.

**INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| A | Order, *Merritt v. Credit One Bank, N.A.*, 2:20-cv-01335 | 3 |
| B | Order, *Merritt v. Credit One Bank, N.A.*, 2:20-cv-00902 | 2 |

4829-3885-3325